# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE          :
                           :
     vs.                   :     ID #1801013445
                           :
JOHN YOUNG, JR.,           :
                           :
     Defendant.            :
                           :

## ORDER

Submitted: May 18, 2026
Decided: July 8, 2026

Now this 8th day of July, 2026, after reviewing the Postconviction Relief Motion filed by Defendant, John Young, Jr., the Court finds that:

1. Superior Court Criminal Rule 61(i) sets forth four bars to relief. The first bar reads in pertinent part "[a] Motion for Postconviction Relief may not be filed more than one year after the judgment of conviction is final. . . ."[1] If a Postconviction Relief claim is procedurally barred, the Court will not consider the merits of the claim.[2]

2. The Defendant was arrested on charges including Rape in the Second Degree, Unlawful Sexual Contact, and Endangering the Welfare of a Child. On May 21, 2018, he was indicted on charges including Rape in the First

---

[1] Super. Ct. Crim. R. 61(i)(1).
[2] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

Degree, Rape in the Second Degree, Unlawful Sexual Contact First Degree, Endangering the Welfare of a Child and Contempt of Court.

3. At case review on August 6, 2018, the Defendant plead guilty to Rape Second Degree and Criminal Contempt. He was sentenced the same day to serve 25 years at Level 5 followed by 15 years at Level 3. The Defendant did not appeal his Sentence.

4. On May 18, 2026, more than six (6) years after his conviction the Defendant filed the pending Motion for Postconviction Relief. The Defendant argues the following grounds:

   (i)     actual innocence and failure to utilize DNA evidence;

   (ii)    no competency or sanity evaluation conducted; and,

   (iii)   ineffective assistance of counsel for failure to investigate and coercion into a guilty plea.

5. The purpose of Rule 61 is to correct errors during the trial process, "not to allow Defendants unlimited opportunities to relitigate their convictions."[3] When a Defendant seeks to invalidate a guilty plea conviction the Defendant must contend with a "presumption of regularity."[4] Therefore,

---

[3] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).
[4] *Xenidis v. State*, 2020 WL, 1274624, at *2 (Del. Mar. 17, 2020) (TABLE).

the Defendant has the burden of proving that his plea was not supported by a "sufficient factual and legal basis."[5]

6. Again, Rule 61(i)(1) requires that Motions for Postconviction Relief be filed within one (1) after the judgment of conviction is final. In this case, the Defendant entered his plea and was sentenced on August 6, 2018. Therefore, his conviction became final on September 6, 2018. Thus, Defendant's Motion for Postconviction Relief is procedurally barred as untimely. The Court will not consider Defendant's claims on the merits.[6]

7. On page 4 of Defendant's Motion the Defendant attempts to escape the procedural bar by alleging a miscarriage of justice and actual innocence exception pursuant to Rule 61(d)(2). However, the actual innocence exception of Rule 61(d)(2)(i) does not apply to his case for the following reasons. First, the Defendant was convicted by a plea not after a trial. Second, the Defendant does not state with any particularity that new evidence exists which creates a strong inference of actual innocence. His claim of actual innocence eight (8) years later is undermined by the fact that according to his arrest warrant, the Defendant admitted to the victim's mother that he raped her seven (7) year old daughter. Further, during the

---

[5] Super. Ct. Crim. R. 61(a)(1), See, e.g., *Dorsey v. State*, 2007 WL 4965637, at *1-2 (Del. Nov. 6, 2007).
[6] *Younger*, 580 A.2d at 554.

Defendant's plea colloquy, the Defendant admitted committing Rape in the Second Degree and Criminal Contempt.[7] "[A] Defendant's statements to the Superior Court during the guilty plea colloquy are presumed to be truthful."[8] A review of the plea transcript does not reveal in any way that the Defendant was incompetent and did not understand the plea that he was entering on August 6, 2018. During the plea colloquy, the Defendant's attorney informed the Court that interviews with the Defendant were assisted by a psychoforensic evaluator. The attorney never indicated that there was a competency issue with the Defendant. The Defendant simply has not provided any new evidence to create a strong inference that he is innocent. Therefore, the Defendant's attempt to escape the time limitation bar to relief is unavailable to him.

8. As mentioned above the Defendant's Motion was untimely filed and therefore procedurally barred. Consequently, the Defendant's request for appointment of postconviction counsel is MOOT.

---

[7] D.I. 19
[8] *Sommerville v. State*, 703 A.2d 629, 632 (Del. 1997).

9. For the reasons stated above, Defendant's Motion for Postconviction Relief is DENIED and his Motion for Appointment of Counsel is DENIED as MOOT.

**IT IS SO ORDERED.**

/s/ *Mark H. Conner*

Mark H. Conner, Judge

xc:    Prothonotary
       Casey Ewart, Deputy Attorney General
       John Young, Jr., Defendant